# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUAN MORILLO,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　**CASE NO.:**

**DATA INNOVATIONS, LLC,**

    **Defendant,**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN MORILLO, (hereinafter "Mr. Morillo" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, DATA INNOVATIONS, LLC, (hereinafter "Data Innovations," "Company," or Defendant") and states the following:

## INTRODUCTION

1.　　The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on disability and retaliation in violation of the Americans with Disabilities Act

of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him on the basis of his disabilities (ADHD, anxiety, and depression), failed to provide reasonable accommodations, and retaliated against him for requesting accommodations and engaging in protected activity, in violation of his rights under the ADA and FCRA. Defendant's discriminatory and retaliatory actions culminated in Plaintiff's wrongful termination on May 22, 2023.

3.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## <u>JURISDICTION AND VENUE</u>

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Seminole County, Florida.

## PARTIES

8.    Plaintiff is Juan "John" Morillo, a 35-year-old male who has been diagnosed with ADHD (predominantly inattentive type), anxiety, and depression. Mr. Morillo resides in Seminole County, Florida.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on his disabilities under the ADA and the FCRA.

10.    During the period from August 1, 2022, until May 22, 2023, Defendant employed Plaintiff as a Laboratory Technical Consultant.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA and the FCRA.

13.    The Defendant, DATA INNOVATIONS, LLC, is a Foreign Limited Liability Company with its U.S. headquarters located at 463 Mountain View Drive, Colchester, VT 05446.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout the State of Florida, employing Plaintiff as a remote worker based in Lake Mary, Florida.

15.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to the ADA and the FCRA, as it employs approximately 215 employees in the United States.

16.    Accordingly, Defendant is liable under the ADA and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.    On August 10, 2023, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination and retaliation.

19.    On April 2, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 510-2023-09181) against Defendant.

20.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not

conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    Plaintiff suffers from ADHD (predominantly inattentive type), anxiety, and depression, which substantially limit one or more of his major life activities, including but not limited to concentrating, thinking, communicating, and working. These conditions constitute disabilities within the meaning of the ADA and FCRA.

23.    On August 1, 2022, Plaintiff began his employment with Defendant as a Laboratory Technical Consultant, working remotely from his home in Lake Mary, Florida. His primary duties included implementing and configuring specialized healthcare software.

24.    Throughout his employment, Plaintiff performed his job duties competently and met Defendant's legitimate performance expectations, despite his disabilities.

6

25.     On January 20, 2023, Defendant issued Plaintiff a final warning and placed him on a Performance Improvement Plan (PIP), despite his satisfactory job performance.

26.     Between February and March 2023, Plaintiff made multiple requests for employment verifications, which Defendant failed to provide in a timely manner, causing Plaintiff additional stress and anxiety.

27.     On May 2, 2023, Plaintiff disclosed his disabilities to his supervisor, Lisa McGee, and requested reasonable accommodation to help him better perform his job duties.

28.     On May 15, 2023, Plaintiff met with Dianna Calisch, a representative of Defendant, to discuss his disabilities and personal circumstances, including his ongoing divorce.

29.     On May 16, 2023, following Defendant's procedures, Plaintiff:

      a.     Scheduled an appointment with an Employee Assistance Program (EAP) therapist;

      b.     Filed a claim with Lincoln Financial; and

      c.     Informed Ms. Calisch that he had completed these steps.

30.     On May 18, 2023, Defendant held a "Catch Up" meeting with Plaintiff regarding his previous employment verification issues.

31.    On May 21, 2023, Plaintiff sent a formal email to Defendant disclosing his disabilities and requesting reasonable accommodation, as prescribed by his treating physician, Dr. Sherin Parvez.

32.    Rather than engaging in the interactive process to discuss reasonable accommodations as required by law, Defendant terminated Plaintiff's employment the very next day, on May 22, 2023.

33.    The temporal proximity between Plaintiff's disclosure of his disabilities, request for reasonable accommodations, and his termination demonstrates a causal connection between his protected activity and the adverse employment action.

34.    Defendant's purported reasons for terminating Plaintiff's employment were pretextual, as evidenced by the timing of the termination and Defendant's failure to engage in any interactive process regarding reasonable accommodations.

35.    As a direct and proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered and continues to suffer:

      a.    Loss of employment;

      b.    Loss of income and benefits;

      c.    Loss of future earning capacity;

    d.     Emotional distress;

    e.     Mental anguish;

    f.     Loss of dignity;

    g.     Humiliation; and

    h.     Loss of enjoyment of life.

## COUNT I
**VIOLATION OF THE AMERICANS WITH DISABILITY ACT**
**Discrimination based on Disability**
**42 U.S.C. §§ 12101-12213.**

36.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.    At all times material herein, Plaintiff was a qualified individual with disabilities within the meaning of the ADA, as he has ADHD (predominantly inattentive type), anxiety, and depression, which substantially limit one or more major life activities including, but not limited to, concentrating, thinking, communicating, and working.

38.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

39.    At all times material herein, Defendant employed, and continues

to employ, fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

40.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

41.    Defendant, as Plaintiff's employer, was obligated to provide reasonable accommodation to Plaintiff and to protect him from discrimination in the workplace based on his disabilities.

42.    Plaintiff was qualified to perform the essential functions of his position as Laboratory Technical Consultant with or without reasonable accommodation.

43.    Plaintiff disclosed his disabilities to Defendant and requested reasonable accommodations on multiple occasions, including on May 2, 2023, May 15, 2023, and May 21, 2023.

44.    Rather than engaging in the interactive process to determine appropriate reasonable accommodations as required by law, Defendant terminated Plaintiff's employment on May 22, 2023.

45.    Defendant discriminated against Plaintiff because of his

disabilities by:

    a.    Failing to engage in the interactive process;

    b.    Failing to provide reasonable accommodations;

    c.    Treating him differently than non-disabled employees;

    d.    Subjecting him to heightened scrutiny and criticism; and

    e.    Terminating his employment.

46.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the ADA.

47.    Defendant's actions constitute discrimination in violation of the ADA.

48.    As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following:

    a.    Lost wages and benefits, past and future;

    b.    Lost earning capacity;

    c.    Pain and suffering;

d.   Mental anguish;

e.   Emotional distress;

f.   Humiliation;

g.   Loss of dignity;

h.   Loss of capacity for enjoyment of life; and

i.   Other nonpecuniary losses and intangible injuries.

**WHEREFORE,** Plaintiff, JUAN "JOHN" MORILLO, requests trial by jury of all issues so triable as of right, demands judgment against Defendant, DATA INNOVATIONS, LLC, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, by discriminating against Plaintiff based on his disabilities;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the

effects of the discrimination;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate him for the nature, extent, and duration of his injuries and damages;

D.    Award Plaintiff all other damages available under the ADA;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT
### Retaliation

49.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

50.    At all times material herein, Plaintiff was a qualified individual with disabilities within the meaning of the ADA.

51.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

52.     Plaintiff engaged in protected activity under the ADA by:

    a.     Disclosing his disabilities to Defendant;

    b.     Requesting reasonable accommodations;

    c.     Scheduling an EAP therapist appointment;

    d.     Filing a claim with Lincoln Financial; and

    e.     Following Defendant's procedures for requesting accommodations.

53.     Defendant subjected Plaintiff to adverse employment actions by terminating his employment the day after he formally requested accommodations.

54.     The temporal proximity between Plaintiff's protected activities and his termination demonstrates a causal connection between his protected activity and the adverse employment action.

55.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, constitute unlawful retaliation.

56.     As Plaintiff's employer, Defendant was obligated to protect Plaintiff from retaliation for engaging in protected activity under the ADA.

57.     Defendant violated the ADA by retaliating against Plaintiff for

engaging in protected activity.

58.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective action to prevent retaliation against Plaintiff, deprived him of statutory rights under the ADA.

59.    As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following:

    a.    Lost wages and benefits, past and future;

    b.    Lost earning capacity;

    c.    Pain and suffering;

    d.    Mental anguish;

    e.    Emotional distress;

    f.    Humiliation;

    g.    Loss of dignity;

    h.    Loss of capacity for enjoyment of life; and

    i.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE,** Plaintiff, JUAN "JOHN" MORILLO, requests trial by

jury of all issues so triable as of right, demands judgment against Defendant, DATA INNOVATIONS, LLC, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, by retaliating against Plaintiff for engaging in protected activity;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate him for the nature, extent, and duration of his injuries and damages;

D.  Award Plaintiff all other damages available under the ADA;

E.  Award Plaintiff pre- and post-judgment interest;

F.  Award Plaintiff his attorneys' fees, reasonable expert witness

fees, and costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Disability Discrimination

60.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

61.    At all times material herein, Plaintiff was a qualified individual with disabilities within the meaning of the FCRA.

62.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the FCRA, § 760.02(7), Florida Statutes.

63.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

64.    Defendant, as Plaintiff's employer, was obligated to provide reasonable accommodation to Plaintiff and to protect him from discrimination in the workplace based on his disabilities.

65.    Plaintiff was qualified to perform the essential functions of his position as Laboratory Technical Consultant with or without reasonable accommodation.

66.    Plaintiff disclosed his disabilities to Defendant and requested reasonable accommodation on multiple occasions.

67.    Rather than engaging in the interactive process to determine appropriate reasonable accommodations as required by law, Defendant terminated Plaintiff's employment.

68.    Defendant discriminated against Plaintiff because of his disabilities by:

 a.    Failing to engage in the interactive process;

 b.    Failing to provide reasonable accommodations;

 c.    Treating him differently than non-disabled employees;

 d.    Subjecting him to heightened scrutiny and criticism; and

 e.    Terminating his employment.

69.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective action to prevent the discrimination of Plaintiff, deprived him of statutory rights

under the FCRA.

70.     As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Pain and suffering;

      d.    Mental anguish;

      e.    Emotional distress;

      f.    Humiliation;

      g.    Loss of dignity;

      h.    Loss of capacity for enjoyment of life; and

      i.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE,** Plaintiff, JUAN "JOHN" MORILLO, requests trial by jury of all issues so triable as of right, demands judgment against Defendant, DATA INNOVATIONS, LLC, and respectfully requests that this Court grant the following relief:

    A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based

on his disabilities;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the discrimination;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate him for the nature, extent, and duration of his injuries and damages;

D.      Award Plaintiff all other damages available under the FCRA;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees and costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Retaliation

71.    Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

72.    At all times material herein, Plaintiff was a qualified individual with disabilities within the meaning of the FCRA.

73.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the FCRA.

74.    Plaintiff engaged in protected activity under the FCRA by:

    a.    Disclosing his disabilities to Defendant;

    b.    Requesting reasonable accommodations;

    c.    Scheduling an EAP therapist appointment;

    d.    Filing a claim with Lincoln Financial; and

    e.    Following Defendant's procedures for requesting accommodations.

75.    Defendant subjected Plaintiff to adverse employment actions by terminating his employment the day after he formally requested accommodation.

76.    The temporal proximity between Plaintiff's protected activities and his termination demonstrates a causal connection between his protected activity and the adverse employment action.

77.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, constitute unlawful retaliation.

78.    As Plaintiff's employer, Defendant was obligated to protect Plaintiff from retaliation for engaging in protected activity under the FCRA.

79.    Defendant violated the FCRA by retaliating against Plaintiff for engaging in protected activity.

80.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective action to prevent retaliation against Plaintiff, deprived him of statutory rights under the FCRA.

81.    As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Pain and suffering;

      d.    Mental anguish;

e.    Emotional distress;

f.    Humiliation;

g.    Loss of dignity;

h.    Loss of capacity for enjoyment of life; and

i.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE,** Plaintiff, JUAN "JOHN" MORILLO, requests trial by jury of all issues so triable as of right, demands judgment against Defendant, DATA INNOVATIONS, LLC, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate him for the nature, extent, and duration of his injuries and damages;

D.     Award Plaintiff all other damages available under the FCRA;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff his attorneys' fees and costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 11th day of April 2025.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com